UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

RAFAEL MORALES, FERNANDO MIRANDA,
HORLANDO MONTES and GERARDO ROJAS,

                       Plaintiffs,

                v.

B&M GENERAL RENOVATION INC., *dba* B&M
GENERAL RENOVATION, MICHAEL LUONG
and THERESA LUONG,

                       Defendants.

**MEMORANDUM & ORDER**
14-CV-7290 (MKB) (MDG)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Rafael Morales commenced the above-captioned action on December 15, 2014, against Defendants B&M General Renovation, Inc. ("B&M"), Michael Luong and Theresa Luong. (Compl., Docket Entry No. 1.) On February 17, 2015, an Amended Complaint added Fernando Mirando, Horlando Montes and Gerardo Rojas, who had opted-in to the collective action, as Plaintiffs along with Morales. (Docket Entry No. 14.) Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 650 *et seq.* ("NYLL"). Although properly served with the summons and Amended Complaint, (Docket Entry Nos. 15, 16, 17), Defendants have failed to appear in this action. Plaintiffs sought and obtained a notice of default against B&M, Michael Luong and Theresa Luong. (Docket Entry Nos. 18, 20.) Plaintiffs subsequently moved for a default judgment. (Docket Entry No. 26.) On June 18, 2015, the Court referred this matter to Magistrate Judge Marilyn D. Go for a report and recommendation. (Order dated June 18, 2015.)

      By report and recommendation dated March 9, 2016 (the "R&R"), Judge Go

recommended that the Court grant Plaintiffs' motion for a default judgment against Defendants in the amount of $545,800.87, calculated as follows: (1) $79,358.00 in favor of Morales (consisting of $24,786.00 in overtime wages, $24,786.00 in liquidated damages pursuant to the FLSA, $24,786.00 in liquidated damages pursuant to the NYLL, and $5,000, for failure to provide various wage notices, pursuant to the NYLL); (2) $241,680.56 in favor of Miranda (consisting of $81,081.00 in overtime wages, $70,065.00 in liquidated damages pursuant to the FLSA, $81,081.00 in liquidated damages pursuant to the NYLL, $5,000, for failure to provide various wage notices, pursuant to the NYLL, and $4,453.56 in prejudgment interest[1]);
(3) $159,791.00 in favor of Montes (consisting of $51,597.00 in overtime wages, $51,597.00 in liquidated damages pursuant to the FLSA, $51,597.00 in liquidated damages pursuant to the NYLL, and $5,000, for failure to provide various wage notices, pursuant to the NYLL);
(4) $55,985.00 in favor of Rojas (consisting of $16,995.00 in overtime wages, $16,995.00 in liquidated damages pursuant to the FLSA, $16,995.00 in liquidated damages pursuant to the NYLL, and $5,000, for failure to provide various wage notices, pursuant to the NYLL);
(5) $8343.00 in attorneys' fees; and (6) $643.31 in costs. (R&R 23, 34–35.) Judge Go also recommended an award of statutory post-judgment interest. (*Id*. at 26.) No party has objected to the R&R and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[F]ailure to object to a magistrate judge's report and recommendation within the prescribed time limit may operate as a waiver of any further judicial

---

[1] Judge Go also recommended that the Court award prejudgment interest to Miranda at the rate of $2.67 per day from March 31, 2016 until the entry of judgement. (R&R 26.)

review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Eustache v. Home Depot U.S.A., Inc.*, 621 F. App'x 86, 87 (2d Cir. 2015) (internal quotation marks omitted) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citing *Cephas*, 328 F.3d at 107)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Go's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs' motion for a default judgment against B&M, Michael Luong and Theresa Luong is granted. The Clerk of Court is directed to enter judgments in the amounts set forth above, and to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 29, 2016
       Brooklyn, New York